# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**EDWIN DE'MON MALLARD**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:25-cv-64-TBM-RPM**

**KIA FINANCE AMERICA**                                                                 **DEFENDANT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Tameron Kia is a car dealership in D'Iberville, Mississippi. And like most car dealerships, Tameron Kia offers financing to its customers. On January 19, 2024, Edwin Mallard entered into a retail installment contract with Tameron Kia and agreed to finance the purchase of a 2024 Kia Telluride. The retail installment contract contained certain disclosures as required by the Truth in Lending Act, 15 U.S.C. § 1601, et seq. And while the retail installment contract was signed by both Tameron Kia and Mallard, the contract also disclosed that Tameron Kia assigned its right in the contract to KIA Finance America ("KIA").

Now, Mallard, proceeding *pro se*, claims that KIA failed to provide the required Truth in Lending Act disclosures upon assignment. But Tameron Kia assigned its interest to KIA on January 19, 2024. Indeed, the contract itself could not be clearer: "Seller assigns its interest in this contract to KIA Finance America." [1-1], p. 7. And Mallard's signature appears on the very same page as this disclosure. Assignment aside, Mallard had until January 2025 to bring any claims for a Truth in Lending Act violation stemming from this contract. But Mallard did not file suit until March 2025. In response, KIA says that Mallard's claim falls outside the one-year statute of

limitations under the Truth in Lending Act. Mallard urges this Court to apply the doctrine of equitable tolling to save his claim.

But Mallard's *pro se* status does not excuse his late filing, and equitable tolling does not apply here. Mallard plainly acknowledges that KIA's involvement in this transaction "became apparent [in] January 2024." [10], p. 2. And Mallard fails to offer any facts to support his assertion that KIA concealed any alleged violation. Accordingly, Mallard is not entitled to any reprieve that equitable tolling might offer. This case is dismissed.

### I. BACKGROUND AND PROCEDURAL HISTORY

On January 19, 2024, Edwin Mallard purchased a 2024 Kia Telluride ("Telluride") from Tameron Kia in D'Iberville, Mississippi. [1-1], p. 1. Mallard entered into a retail installment sales contract ("contract") with Tameron Kia that same day. *Id.* The contract contained certain disclosures as required by the Truth in Lending Act ("the Act"), including that Mallard agreed to borrow $53,103.68 at 12.79% APR to purchase the Telluride. Mallard also agreed to repay a total of $81,036.48 with a total finance charge for the purchase of $27,932.80 with 82 monthly payments of $964.72 each.[1] The contract further disclosed that Tameron Kia assigned its interest to KIA Finance America ("KIA"). Both Mallard and Tameron Kia signed the contract.

On March 7, 2025, Mallard filed his *pro se* complaint, alleging that KIA engaged in "unlawful practices in enforcing a purported security interest and attempting to collect an alleged debt assignment, in violation of specific provisions of the Truth in Lending Act [] 15 U.S.C. 1601 et seq., including but not limited to 15 U.S.C. § 1640, 1641, and 1666i[.]" [1], p. 1. Mallard further alleged that Tameron Kia "subsequently assigned the rights and obligations under the sales

---

[1] Mallard does not allege that the contract itself contained deficient disclosures. *See* [1]; [9], p. 7.

contract to [KIA], without [Mallard's] execution of a note or any instrument of indebtedness directly with [KIA]." *Id.* at p. 2. Accordingly, Mallard claims that KIA's "failure to provide these required [] disclosures . . . result[ed] in ascertainable losses, thus constituting a violation under [the Truth in Lending Act], 15 U.S.C. § 1640(a)." *Id.* Essentially, Mallard takes issue with KIA's alleged nondisclosure. [1], para. 12. Mallard seeks actual and statutory damages, costs and fees, a declaratory judgment that KIA cannot enforce the contract or its security interest, and injunctive relief. [1], p. 3.

Subsequently, KIA filed the at-issue Motion to Dismiss under Rule 12(b)(6). [8]. KIA first seeks to dismiss Mallard's claim because it is time-barred. [9], pps. 4-5. While the Truth in Lending Act requires that "any action to enforce violations . . . must be brought within one year of the date of violation," Mallard filed suit a year and two months after the alleged violation. *Id.* at p. 4; *see* [1]. And KIA further claims that they are not a "creditor" under the Truth in Lending Act. *Id.* at p. 5.

In his response, Mallard concedes that his claim "is time-barred by the one-year statute of limitations." [10], p. 1. But rather than dismiss the case, Mallard argues that the Court should apply "the doctrine of equitable tolling." *Id.* Mallard says that he "was not aware, and could not have reasonably been aware, of KIA's role in the credit transaction until after the consummation of the agreement." *Id.* at pps. 1-3. And Mallard refutes KIA's assertion that it was not a creditor. *Id.* at p. 2. Accordingly, Mallard argues that the facts "are not fully established in the record and cannot be resolved on a motion to dismiss." *Id.*

## II. STANDARD OF REVIEW

"The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a

3

claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 555 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570). The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "The issue is not whether the plaintiff[] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim[s]." *Cook v. City of Dallas*, 683 F. App'x 315, 318 (5th Cir. 2017) (citation omitted).

### III. DISCUSSION

KIA seeks to dismiss Mallard's claim on the basis that it is time-barred and because KIA is not a "creditor" under the Truth in Lending Act. "The purpose of the [Truth in Lending Act] is to protect the consumer from inaccurate and unfair credit practices, and 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various creditor terms available to him and avoid the uninformed use of credit." *Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 479 (5th Cir. 1995) (quoting 15 U.S.C. § 1601(a)). Section 1638 of the

4

Act requires the creditor to make certain disclosures in a consumer credit transaction, including the identity of the creditor; the amount financed; along with a statement of the consumer's right to obtain a written itemization of the amount financed; the finance charge; the finance charge expressed as an "annual percentage rate"; the sum of the amount financed, the number amount, and due dates of payments; a statement that a security interest has been taken where the credit is secured; and late payment penalties, among other things. *McLean v. Big Dog Grp., LLC*, Civil Action No. 15-40-JWD-EWD, 2016 WL 3211514, at *4 (M.D. La. Mar. 11, 2016) (citing 15 U.S.C. § 1638).

But any action to enforce Truth in Lending Act violations must be brought within one year after the date of the violation. 15 U.S.C. § 1640(e). "The violation 'occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Baggiolini v. Ocwen Fin. Corp.*, No. 4:19-CV-156-ALM-CAN, 2019 WL 8331423, at *6 (E.D. Tex. Dec. 12, 2019), *report and recommendation adopted*, No. 4:19-CV-156, 2020 WL 813044 (E.D. Tex. Feb. 19, 2020) (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)). "The credit transaction is consummated when 'a contractual relationship is created between [a creditor and consumer].'" *Bourgeois v. Haynes Construction Co.*, 728 F.2d 719, 720 (5th Cir. 1984).

Mallard and Tameron Kia both signed the contract, therefore consummating the transaction and starting the clock on the statute of limitations, on January 19, 2024. [1-1], p. 1. Accordingly, Mallard was required to file this case in January of 2025. Mallard did not file his Complaint, however, until March 7, 2025. [1]. Mallard's claims are time-barred under section 1640(e) of the Act. *See* 15 U.S.C. § 1640(e).

5

But Mallard does not dispute that his Complaint was untimely. *See* [10], p. 1. Rather, Mallard argues that "the doctrine of equitable tolling applies" because he "was not aware, and could not have reasonably been aware, of KIA's role in the credit transaction until after the consummation of the agreement." *Id.* at pps. 1-2. In support of his equitable tolling argument, Mallard relies on a Ninth Circuit opinion where "the court held that equitable tolling may apply where the defendant's conduct or omissions prevented the plaintiff from discovering the [Truth in Lending Act] violation." *Id.* at p. 2 (citing *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986)). KIA, however, relies on a case from the Southern District of Mississippi and urges this Court to hold that "the one-year period indicated in section 1640(e) is jurisdictional and cannot be extended on theory of equitable tolling." [12], p. 2 (quoting *Baldwin v. Laurel Ford Lincoln-Mercury*, 32 F. Supp. 2d 894, 902 (S.D. Miss. 1998). KIA further argues that, even if equitable tolling were available, it would be inapplicable to Mallard's claim because he failed to prove that "he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." [12], p. 3 (quoting *Starns v. Andrews*, 524 F.3-D 612, 618 (5th Cir. 2008)). The Court will address each argument in turn.[2]

A Truth in Lending Act claim filed outside the one-year prescription period may be considered timely "if a plaintiff can demonstrate that such claim is subject to the doctrine of

---

[2] Mallard also filed a surreply in response to KIA's reply. [13]. Mallard did not seek leave of Court to file this surreply. However, it is within the Court's discretion to grant or deny additional briefing. *Randall v. Volvo Cars USA*, No. 3:22-cv-414-CWR-FKB, 2023 WL 1073703, at *2 (S.D. Miss. Jan. 27, 2023). "This court's experience, shared by others in reported decisions, is that surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter." *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350 (W.D. Tex. 2020) (citation omitted). And while "a district court abuses its discretion when it denies the party the opportunity to file a surreply in response to a reply brief that raised new arguments," Mallard did not seek leave to file his surreply, and KIA's reply did not raise new arguments. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr.-DTD 2.8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) (internal citations omitted). Accordingly, the Court will not consider Mallard's surreply [13].

equitable tolling." *Hibbs v. Wells Fargo Bank, N.A.*, Civil Action 17-615-SDD-RLB, 2019 WL 3245050, at *6 (M.D. La. July 3, 2018). "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the [Truth in Lending Act] claim." *Jackson v. Adcock*, No. Civ. A. 03-3369, 2004 WL 1900484, at *4 (E.D. La. Aug. 23, 2004). Equitable tolling is "appropriate where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* at *4, n.21 (citing *Ramirez v. San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002)). To equitably toll the statute of limitations, "a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." *Moor*, 784 F.3d at 633. "[M]ere nondisclosure does not provide sufficient grounds for tolling the statute of limitations." *Renfrow v. CTX Mortg. Co., LLC*, No. 3:11-CV-3132-L, 2012 WL 3582752, at *4 (N.D. Tex. Aug. 20, 2012). Indeed, "[t]he Fifth Circuit, and various courts within the Fifth Circuit, have applied this standard in the context of [the Truth in Lending Act] only when a plaintiff alleges or demonstrates wrongful conduct by the defendant that goes beyond mere nondisclosure." *Hibbs*, 2018 WL 3245050, at *6 (citing *McLean*, No. CV 15-40-JWD-EWD, 2016 WL 3211514, at *7; *McCrimmons v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375-76 (5th Cir. 2013); *Garcia v. Universal Mortg. Corp*, No. 3:12-CV-2460-L, 2013 WL 1858195, at *5 (N.D. Tex. May 3, 2013)).

But "courts should apply the doctrine of equitable tolling sparingly." *Hibbs*, 2018 WL 3245050, at *6 (citing *Dupree v. United States*, 495 F. App'x 422, 425 (5th Cir. 2012). In fact, "[t]o clothe himself in the protective garb of the tolling doctrine," *Moor*, 784 F.2d at 633, "the plaintiff

7

must demonstrate that [he] was actively misled by the defendant about the cause of action or prevented from asserting his or her rights in some extraordinary way." *Hibbs*, 2018 WL 3245050, at *6 (citing *Ramirez*, 312 F.3d at 183).

First, the Court assumes, without deciding, that the Truth in Lending Act's statute of limitations is not jurisdictional. *See Percival v. American Home Mortg. Corp.*, 469 F. Supp. 2d 409, 413 n.3 (N.D. Tex. 2007) ("The Fifth Circuit has not specifically addressed whether the [Act's] limitations period is jurisdictional; however, the Fifth Circuit has considered whether equitable tolling was appropriate in a case brought pursuant to the [Act][.]"). Further, while *King*, 784 F.2d 910, is not binding on this Court, neither is *Baldwin*, 32 F. Supp. 2d 894. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Again, the Fifth Circuit and several courts within the Fifth Circuit have applied the doctrine of equitable tolling to the Truth in Lending Act's statute of limitations. *See Moor*, 784 F.2d at 633; *Ramirez*, 312 F.3d at 183*; Johnson v. Pelican State Credit Union*, No. CV 24-809-BAJ-EWD (M.D. La. Nov. 12, 2025), *report and recommendation adopted*, No. CV 24-809-BAJ-EWD (M.D. La. Dec. 11, 2025); *McLean*, 2016 WL 3211514, at *7; *McCrimmon*, 516 F. App'x at 374; *Koesler v. Beneficial Finance I, Inc.*, 267 F. Supp. 3d 873, 887 (W.D. Tex. 2016).

Even still, "equitable tolling is a narrow exception that should be applied sparingly." *Johnson*, 2025 WL 3300430, at *4. And while courts "liberally construe [the] briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), "the plaintiff has the burden of

8

proving that equitable tolling applies." *Johnson*, 2025 WL 3300430, at *4. Mallard has not met his burden. Mallard only provides conclusory assertions, claiming that "KIA's lack of transparency regarding its role as the assignee and servicer of the loan concealed the violation and delayed Plaintiff's ability to file suit." [10], p. 2. Mallard does not provide sufficient factual basis or legal analysis that would lead the Court to conclude that Mallard "was actively misled by [KIA] about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Jackson*, 2004 WL 1900484, at *4. Nor does Mallard show "that [KIA] concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." *Moor*, 784 F.3d at 633. As KIA notes, "the [contract] – which Plaintiff admits that he signed – plainly discloses that the seller assigned its interest in the Contract to KIA on the same page where Plaintiff signed." [12], p. 3; [1-1], p. 7.

Further, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period *until* the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the [Truth in Lending Act] claim." *Jackson*, 2004 WL 1900484, at *4 (emphasis added). And Mallard admits that "KIA's involvement . . . became apparent [in] January 2024." [10], p. 2. So even if Mallard had sufficiently demonstrated some aspects of equitable tolling, his cause of action was still due sometime in January 2025 as he undoubtedly had the reasonable opportunity to discover the basis for his allegations. Mallard did not file his Complaint until March 7, 2025. [1].

Moreover, some courts in the Fifth Circuit "have held that even if equitable tolling applies to the one-year statute of limitations provided by § 1640(e) of [the Truth in Lending Act], a plaintiff must allege and ultimately show some other wrongful conduct by part of the defendant beyond

9

mere nondisclosure itself to obtain relief." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-82-N-BH, 2012 WL 6764551, at *5 (N.D. Tex. Dec. 10, 2012); *report and recommendation adopted*, No. 3:12-CV-82-N-BH (N.D. Tex. Jan. 4, 2013); *see also Renfrow*, 2012 WL 3582752, at *4 (N.D. Tex. Aug. 20, 2012) (holding that "a mere nondisclosure does not provide sufficient grounds for tolling the statute of limitations). Mallard's claim squarely focuses on KIA's alleged "failure to provide the required [Truth in Lending Act] disclosures[.]" [1], p. 3. Accordingly, Mallard's claim is rooted in mere nondisclosure and nondisclosure alone. Mallard fails to cite any additional wrongful conduct on KIA's part.

For all the reasons explained above, Mallard cannot invoke equitable tolling to save his claim. And having found these claims barred by the statute of limitations, the Court need not address their merits. *See Morrill v. City of Denton, Texas*, No. 4:14-CV-749, 2016 WL 11472647, at *5 (E.D. Tex. July 15, 2016), *report and recommendation adopted sub nom. Morrill v. City of Denton*, No. 4:14-CV-749 (E.D. Tex. Aug. 25, 2016), *aff'd sub nom. Morrill v. City of Denton, Texas*, 693 F. App'x 304 (5th Cir. 2017) ("Because the Court finds that Plaintiff's claims are barred by the statute of limitations and should be dismissed, the Court need not address Defendants' other dismissal arguments[.]").

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant KIA Finance America's Motion to Dismiss [8] is GRANTED and Edwin De'Mon Mallard's claims against KIA Finance of America are DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED, this the 4th day of March, 2026.

                                                  _____
                                                  **TAYLOR B. McNEEL**
                                                  **UNITED STATES DISTRICT JUDGE**